# STATE OF MICHIGAN

# COURT OF APPEALS

CRAIG L. LAMIMAN and MARY ALICE
LEDUC,

Plaintiffs-Appellants,

v

BANK OF NEW YORK MELLON TRUST
COMPANY, N.A., f/k/a BANK OF NEW YORK
TRUST COMPANY, N.A., JPMORGAN CHASE
BANK, N.A., TROTT & TROTT, P.C., and
RESIDENTIAL FUNDING COMPANY,

Defendants-Appellees.

UNPUBLISHED
December 22, 2015

No. 322974
Oakland Circuit Court
LC No. 2013-133246-CH

Before: MURRAY, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

This appeal involves plaintiffs' action for injunctive and other relief related to the April 24, 2012, foreclosure sale of their residential property, and for money damages under the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 *et seq*. Plaintiffs appeal as of right from the trial court's June 18, 2014, order granting summary disposition to defendants Bank of New York Mellon Trust Company, N.A. (BONY), and JPMorgan Chase Bank, N.A. (Chase Bank). Plaintiffs also challenge the trial court's earlier order granting summary disposition to defendant Trott & Trott, P.C. (Trott), with respect to plaintiffs' claim against it under the FDCPA. We affirm.

## I. BACKGROUND

In November 1995, plaintiffs obtained a mortgage loan from Fleet Mortgage Corporation, secured by a mortgage on their property that permitted the lender to execute a power of sale in the event of default. In January 2002, a successor to Fleet Mortgage Corporation assigned its interest in the mortgage loan to Sovereign Bank, which had already executed an assignment of rights due or to become due on the mortgage loan to Chase Bank in a trustee capacity. After plaintiffs defaulted on their mortgage loan, the matter was referred to Trott in 2010 to initiate a foreclosure by advertisement. A foreclosure sale was adjourned for approximately two years while plaintiffs attempted to obtain a loan modification. During this adjournment, Chase Bank, in its trustee capacity, executed two assignments of its mortgage interest to BONY, as the

-1-

successor to Chase Bank and in a trustee capacity. The first assignment identified the trust as RAMP 2001-RM2, while the second assignment identified the trust as 2001-RM2. Only the first assignment was recorded with the register of deeds before the foreclosure sale took place on April 24, 2012. BONY, in its trustee capacity and as successor to Chase Bank, was issued a sheriff's deed as the high bidder at the foreclosure sale. The affidavit of purchaser executed by Trott, as the attorney for BONY in connection with the sale, required payment of the bid price of $490,169.68, plus interest and other statutory amounts, for plaintiffs to redeem the property, by October 24, 2012.

It is undisputed that plaintiffs did not redeem the property. In January 2013, BONY filed a summary proceeding against plaintiffs in district court to recover possession of the property. Plaintiffs took contemporaneous actions in February 2013 to remove the case to federal court and to file a counterclaim against BONY and a third-party complaint against Chase Bank, Trott, and Residential Funding Company, L.L.C. After the case was remanded back to state court, the counterclaim and third-party complaint were severed from BONY's summary proceeding and transferred to the circuit court (hereafter the "trial court") such that BONY and the third-party defendants were to be identified as "defendants" and the mortgagors, Craig Lamiman and Mary LeDuc, were to be identified as "plaintiffs." On February 12, 2014, the trial court granted Trott's motion for summary disposition with respect to the FDCPA claim against it. On June 18, 2014, the trial court granted Chase Bank and BONY's joint motion for summary disposition with respect to plaintiffs' FDCPA claims against them, and with respect to plaintiffs' claims for injunctive and other relief against BONY predicated on their position that the foreclosure sale of their property should be set aside based on fraud and irregularities in the foreclosure process. The trial court dismissed the complaint in its entirety. The trial court later denied plaintiffs' motion for reconsideration of the June 18, 2014, order.

## II. FORECLOSURE SALE

Plaintiffs raise several issues concerning the trial court's June 18, 2014, summary disposition ruling regarding their challenge to the April 24, 2012, foreclosure sale based on alleged fraud and other irregularities in the foreclosure process. These issues relate to plaintiffs' claims for injunctive and other relief against BONY.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 105; 825 NW2d 329 (2012). BONY and Chase Bank's motion for summary disposition was brought pursuant to both MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). Although the trial court failed to specify the subrule that served as the basis for its decision, an appellate court will review a trial court's order of summary disposition under the correct rule. *Spiek v Dep't of Transp,* 456 Mich 331, 338 n 9; 572 NW2d 201 (1998). Because the parties submitted evidence both in support of and in opposition to the motion, and it is clear from the record that the trial court's decision was not limited solely to the pleadings, the motion is appropriately reviewed under MCR 2.116(C)(10). *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac No. 2*, 309 Mich App 611, 617; ___ NW2d ___ (2015).

A motion under MCR 2.116(C)(10) tests the factual support for a claim. A reviewing court must consider the pleadings, affidavits, depositions, admissions, and other documentary

evidence submitted by the parties. MCR 2.116(G)(5). Summary disposition should be granted if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A genuine issue of material facts exists when the evidence, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds might differ. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees*, 309 Mich App at 618.

Preliminarily, we note that only substantively admissible evidence submitted up to the time of the motion for summary disposition may be considered when reviewing a motion under MCR 2.116(C)(10). *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees*, 309 Mich App at 618. In addition, as BONY and Chase Bank point out, plaintiffs belatedly attempted to present several exhibits that were not filed with their original response to BONY and Chase Bank's motion. The trial court declined to consider those exhibits because they were not timely filed, and plaintiffs have not challenged that decision on appeal. Accordingly, we decline to consider any exhibits that were rejected by the trial court. We also decline to consider the evidence first submitted by plaintiffs in support of their postjudgment motion for relief from the June 18, 2014, summary disposition order. We agree with BONY and Chase Bank that the trial court's ruling on the postjudgment motion is beyond the scope of this appeal. See MCR 7.203 and *McIntosh v McIntosh*, 282 Mich App 471, 484; 768 NW2d 325 (2009) (this Court lacks jurisdiction to consider a postjudgment order where a separate appeal is required). We further note that any reliance by plaintiffs on their own affidavit, which was not filed until the day before the June 18, 2014, summary disposition hearing, as well as the affidavit of plaintiffs' proposed expert, which was first filed with plaintiffs' postjudgment motion, is also misplaced for the additional reason that neither affidavit was notarized. Unsworn statements do not create genuine issues of material fact. *Gorman v American Honda Motor Co*, 302 Mich App 113, 120; 839 NW2d 223 (2013). A valid affidavit requires "(1) a written or printed declaration or statement of facts, (2) voluntarily made, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Sherry v E Suburban Football League*, 292 Mich App 23, 31; 807 NW2d 859 (2011).

Turning first to plaintiffs' challenge to the trial court's determination that they lacked standing to set aside the foreclosure sale, we find no error. Standing is not dependent on the merits of the case. *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 136; 863 NW2d 344 (2014). As this Court recently explained in *Salem Springs, LLC v Salem Twp*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 322956), lv pending; slip op at 3:

> Before a court may exercise jurisdiction over a plaintiff's claim, that plaintiff must possess standing. *Miller v Allstate Ins Co*, 481 Mich 601, 606; 751 NW2d 463 (2008). "[S]tanding historically developed in Michigan as a limited, prudential doctrine that was intended to 'ensure sincere and vigorous advocacy' by litigants." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 359; 792 NW2d 686 (2010). "Standing may be found if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant." *Sprenger v Bickle*, 302

-3-

Mich App 400, 422; 839 NW2d 59 (2013) (citation and quotation marks omitted). When a cause of action is governed by statute, the Legislature may of course choose to limit the class of persons who may raise a statutory challenge. *Miller*, 481 Mich at 607. Consequently, the doctrine of statutory standing in particular requires statutory interpretation to determine whether the Legislature intended to "accord[] *this* injured plaintiff the right to sue the defendant to redress his injury." *Id.* (emphasis in original).

"Foreclosure of a mortgage containing a power of sale is permissible by advertisement, provided the proceedings are instituted in accordance with the foreclosure statutes." *Trademark Props of Mich, LLC*, 308 Mich App at 138. MCL 600.3204 sets forth the requirements for foreclosure of a mortgage by advertisement. *Kim*, 493 Mich at 105. Defects or irregularities in foreclosure proceedings render the foreclosure voidable. *Id.* at 115. A mortgagor seeking to set aside the foreclosure must allege and prove: "(1) fraud or irregularity in the foreclosure procedure, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity." *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210; 859 NW2d 238 (2014). There must be a showing of a strong case of fraud or irregularity, or a peculiar exigency, to set aside the foreclosure sale. *Trademark Props Mich, LLC*, 308 Mich App at 139.

The foreclosure-by-advertisement statutes also set a limit on the time, following a sheriff's sale, for a mortgagor to redeem the property by paying a prescribed amount. MCL 600.3240. The effect of a failure to redeem is addressed by MCL 600.3236, which provides:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, except as to any parcel or parcels which may have been redeemed and canceled, as hereinafter provided; and the record thereof shall thereafter, for all purposes be deemed a valid record of said deed without being re-recorded, but no person having any valid subsisting lien upon the mortgaged premises, or any part thereof, created before the lien of such mortgage took effect, shall be prejudiced by any such sale, nor shall his rights or interests be in any way affected thereby.

In *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713-715; 848 NW2d 482 (2014), this Court held that if the mortgagor fails to redeem the property, the mortgagor's rights to the property are extinguished and the mortgager no longer has standing to bring an action to set aside the foreclosure sale. We reject plaintiffs' argument that this Court's decisions in *Fed Home Loan Mtg Ass'n v Kelley (On Reconsideration)*, 306 Mich App 487; 858 NW2d 69 (2014), and *Diem, supra*, compel a different conclusion, inasmuch as neither case addresses the issue of standing. The rule of law established in *Bryan* is controlling pursuant to MCR 7.215(J)(1). Thus, because it is undisputed that plaintiffs failed to redeem the property, their rights to the property were extinguished and they lacked standing to bring an action to set aside the foreclosure sale.

Even if plaintiffs had standing to bring this action, however, we would affirm the trial court's summary disposition order in favor of BONY because the substantively admissible evidence, viewed in the light most favorable to plaintiffs, also supports the trial court's additional decision that plaintiffs' claims lacked factual support.

Contrary to plaintiffs' assertion, the trial court did not rule that a foreclosure sale may not be set aside when the underlying debt was paid in full. To the extent that plaintiffs' argument concerns the trial court's rejection of their argument below pertaining to the securitization of the mortgage and its impact on their debt, plaintiffs' argument lacks merit. The securitization of a mortgage loan typically involves the transfer of title of the mortgage loan to a trust, which pools loans together and issues securities backed by the mortgages in the pool. See *Rothstein v Balboa Ins Co*, 794 F3d 256, 260 (CA 2, 2015). When the borrower pays back the loan, investors receive a positive return through dividends and an increase in the value of their mortgage-backed securities. *Nat'l Credit Union Admin Bd v Nomura Home Equity Loan, Inc*, 764 F3d 1199, 1218 (CA 10, 2014). If the loan is not paid, investors lose money. *Id.* at 1218-1219. The trust will also typically contract with a loan servicer that services the loans on a day-to-day basis. *Rothstein*, 794 F3d at 260. The contract terms may provide for a loan servicer to make delinquency advances into the principal and interest account when a borrower fails to make payment. See *Fannie Mae v Fed Deposit Ins Corp*, 970 F2d 484, 485 (CA 8, 1992).

There is no evidence in this case to support plaintiffs' argument that a loan servicer for their particular loan was making "payments" on their behalf to cause it to be paid in full. "Whether the transfer of money or other thing shall operate as a payment, is ordinarily a matter which is determined by the intention of the parties to the transaction." *Luckenbach v W J McCahan Sugar Refining Co*, 248 US 139, 149; 39 S Ct 53; 63 L Ed 170 (1918). The term "payment" has been defined as "the discharge of an obligation by the actual or constructive delivery of money or its equivalent by an obligor or by someone for the purpose of extinguishing an obligation, wholly or partially, and the acceptance of it by the obligee." 60 Am Jur 2d, Payment, § 1. It is determined by the substance, not the form, of the transaction. *Id*. Plaintiffs have failed to establish any substantively admissible evidence or legal authority to support a determination that any loan servicer made advances on their behalf for the purpose of extinguishing their loan obligation.

Plaintiffs' argument that the trial court, through its ruling on the merits of their cause of action, implicitly deprived them of procedural due process also lacks merit. See *Reed v Reed*, 265 Mich App 131, 159; 693 NW2d 825 (2005) ("[p]rocedure in a particular case is constitutionally sufficient where there is notice of the proceeding and a meaningful opportunity to be heard by an impartial decision maker"). To the extent that plaintiffs' argument is directed at whether the published amount of their indebtedness for purposes of the foreclosure sale was accurately stated, plaintiffs have failed to demonstrate any substantively admissible evidence to establish a genuine issue of material fact regarding this issue.

We also reject plaintiffs' challenge to the redemption period of six months for this same reason. Although application of the six-month redemption period in MCL 600.3240(8) is dependent upon the amount due on the mortgage being no more than 66-2/3% of the original indebtedness secured by the mortgage, because plaintiffs have failed to offer substantively admissible evidence to support their claim that the principal balance due was less than

$333,333.33, the trial court did not err in granting summary disposition in favor of BONY on this issue.

In addition, redemption of property from a foreclosure sale by advertisement requires payment of the bid price, plus interest and other amounts required under MCL 600.3240. See *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 50; 503 NW2d 639 (1993). Plaintiffs' offer of a lesser amount after the foreclosure sale is not a basis for establishing grounds for setting aside the foreclosure sale. See, generally, *Diem*, 307 Mich App at 211.

In addition, considering the evidence that the foreclosure sale was adjourned while plaintiffs were working on a loan modification, the trial court did not err in ruling that there was no evidence of an irregularity involving "dual tracking," that is, pursuing foreclosure and a loan-modification procedure at the same time.

Turning to plaintiffs' argument that defects in the chain of title provide a basis for setting aside the foreclosure sale, the applicable statute, MCL 600.3204(3), only requires that a foreclosing party who is not the original mortgagee have a record chain of title evidencing the assignment of the mortgage at the time of foreclosure sale. In addition, a third party may only challenge an assignment in limited circumstances that would render the assignment absolutely invalid, ineffective, or void. *Conlin v Mtg Electronic Registration Sys, Inc*, 714 F3d 355, 361 (CA 6, 2013). For instance, a debtor has standing to claim that an assignee lacks title where the debtor would be put at risk of paying a debt twice or face two threatened foreclosures. See *McCann v US Bank, NA*, 873 F Supp 2d 823, 830-831 (ED Mich, 2012). In this case, plaintiffs have not established any defect in the chain of title that would support their claim to set aside the foreclosure sale. Although there was evidence that Sovereign Bank made an assignment to Chase Bank before it obtained an assignment of the mortgage, because Sovereign Bank had assigned "any rights due or to become due thereon," plaintiffs have not established either standing to challenge that assignment or an invalid assignment. A valid assignment may be made of future rights. See *Dunn v Mich Club*, 115 Mich 409, 410; 73 NW 386 (1897).

We also conclude that plaintiffs have not established any defect or irregularity in the assignments made by Chase Bank to BONY to support setting aside the foreclosure sale. The second assignment is not relevant because it was not recorded until after the foreclosure sale. MCL 600.3204(3). The record holder of the mortgage has the power to foreclose. See *Residential Funding Co, LLC v Saurman*, 490 Mich 909, 910; 805 NW2d 183 (2011). However, even if there was some question regarding the proper identity of the trust represented by BONY, plaintiffs would still be required to show that they were prejudiced by the violation of MCL 600.3204 by demonstrating that they would otherwise have been in a better position to preserve their interest in the property. *Fed Home Loan Mtg Ass'n*, 306 Mich App at 500-501. Considering that plaintiffs' alleged prejudice relates to the amount of debt, and not the risk of multiple foreclosures, plaintiffs have not shown any genuine issue of material fact regarding prejudice.

Lastly, to the extent that plaintiffs suggest that the trial court erred by not compelling discovery during the proceedings, we decline to consider this issue because it is insufficiently briefed. *McIntosh v McIntosh*, 282 Mich App 471, 485; 768 NW2d 325 (2009). In addition, considering that plaintiffs' claim to set aside the foreclosure sale was resolved by means of a

summary disposition ruling on June 18, 2014, the appropriate inquiry is whether discovery was incomplete and, if so, whether discovery stood a fair chance of uncovering factual support for plaintiffs' position. *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 421-422; 834 NW2d 878 (2013). "If a party opposes a motion for summary disposition on the ground that discovery is incomplete, the party must at least assert that a dispute does indeed exist and support that allegation by some independent evidence." *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994). Plaintiffs have failed to meet their burden of showing that summary disposition was premature under this standard.

In sum, although we conclude that plaintiffs lacked standing to set aside the foreclosure sale, we further conclude that even assuming that plaintiffs had standing, they failed to establish a genuine issue of material fact regarding essential elements of a claim to set aside the foreclosure sale.

## III. FDCPA

Plaintiffs also challenge the trial court's February 12, 2014, grant of summary disposition to Trott and June 18, 2014, grant of summary disposition to Chase Bank and BONY with respect to their claims under the FDCPA. Plaintiffs argue that the trial court erred in ruling that the claims were barred by the one-year statute of limitations. We disagree.

MCR 2.116(C)(7) is the appropriate rule for granting summary disposition where a claim is barred by the applicable statute of limitations. Although only Trott's motion cited this subrule, we will review the trial court's decision on both motions under the correct rule. *Spiek*, 456 Mich at 338 n 9. The moving party may support the motion with substantively admissible evidence. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). All well-pleaded allegations in the complaint are accepted as true unless contradicted by the evidence. *Lockwood v Mobile Med Response, Inc*, 293 Mich App 17, 22; 809 NW2d 403 (2011). "If the pleadings demonstrate that one party is entitled to judgment as a matter of law, or if affidavits and other documentary evidence show that there is no genuine issue of material fact concerning the running of the period of limitations, the trial court must render judgment without delay." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 720; 742 NW2d 399 (2007). Absent a factual dispute, whether a statute of limitations bars a claim is a question of law. *Id*. at 720-721.

The FDCPA was enacted in 1977 to eliminate abusive debt collection practices, to ensure that debt collectors who do not use such practices are not competitively disadvantaged, and to promote consistent state actions that protect consumers. *Jerman v Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 US 573, 577; 130 S Ct 1605; 176 L Ed 2d 519 (2010). A mortgagor may challenge a foreclosure under the FDCPA by properly alleging that the defendant was a debt collector[1] and properly alleging that the defendant violated the FDCPA. *Diem*, 307 Mich App at

---

[1] The term "debt collector" is currently defined, in part, by 15 USC 1692a(6) as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

217. Under 15 USC 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

The applicable limitations period for a FDCPA claim is "one year from the date on which the violation occurs." 15 USC 1692k(d). Where a debt collector engages in multiple activities, some of which fall outside the limitations period, the identity of the particular violation that commences the running of the limitations period must be determined. As observed in *Ellis v Gen Revenue Corp*, 274 FRD 53, 57 (D Conn, 2011), some federal courts have found that a debt collector's new communications concerning a prior alleged FDCPA violation does not start a new period of limitations for the violation. In other instances, where the FDCPA claim is based on a series of acts or communications, some of which occur outside the one-year limitations period, the plaintiff has been permitted to proceed on an act or communication falling within the one-year period because it could be considered a separate, discrete FDCPA violation. *Id*. at 58. In *Llewellyn v Allstate Home Loans, Inc*, 711 F3d 1173, 1188 (CA 10, 2013), the court indicated that discrete violations of the FDCPA should be analyzed on an individual basis for statute-of-limitations purposes.

The material issue is whether there were alleged FDCPA violations based on discrete acts within the one-year period preceding plaintiffs' filing of the counterclaim and third-party complaint on February 13, 2013, which served as the basis for plaintiffs' FDCPA action in circuit court.

With respect to Trott's motion for summary disposition, it is clear that Trott was claiming that any FDCPA claim was time-barred because it was based on acts in 2010, including publication notices of the foreclosure sale containing the alleged overstatements of the amounts due. Plaintiffs' response to the motion, like their argument on appeal, was that the FDCPA claim was not time-barred because a deputy sheriff executed affidavits indicating that the foreclosure sale was adjourned on a week-to-week basis through April 2012 at Trott's request. Plaintiffs maintain, therefore, that Trott was still attempting to collect the debt within one year before February 13, 2013. However, the relevant issue is not whether Trott attempted to collect the debt, but whether Trott violated the FDCPA within the one-year period before February 13, 2013. At most, plaintiffs have shown that Trott's alleged wrongful act of misstating the amount owed in 2010 was repeated during the one-year period. Because no new, discrete FDCPA violation within the one-year period was pleaded or presented to the trial court at the time of the motion proceedings, the trial court did not err in determining that plaintiffs' FDCPA claim against Trott was barred by the one-year statute of limitations. Accordingly, it is unnecessary to address plaintiffs' additional argument that Trott violated the FDCPA by, for example, overstating the amount due, or to address the trial court's determination that Trott did not owe a duty to plaintiffs.

Plaintiffs have also failed to establish any basis for disturbing the trial court's grant of summary disposition in favor of Chase Bank and BONY based on the one-year statute of limitations with respect to the FDCPA claims against them as alleged debt collectors. As with the FDCPA claim involving Trott, summary disposition was proper because no new, discrete FDCPA violation within the one-year period preceding February 13, 2013, was pleaded or presented to the trial court. Therefore, it is unnecessary to address whether Chase Bank was a debt collector subject to the FDCPA.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Michael J. Riordan