# STATE OF MICHIGAN

# COURT OF APPEALS

---

PHILIP J. DIEM,

        Plaintiff-Appellant,

v

SALLIE MAE HOME LOANS, INC., f/k/a
PIONEER MORTGAGE, INC.,

        Defendant,

and

ORLANS ASSOCIATES, P.C., DANIELLE
JACKSON, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., JPMORGAN
CHASE BANK, and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

        Defendants-Appellees.

FOR PUBLICATION
October 16, 2014
9:00 a.m.

No. 317499
Washtenaw Circuit Court
LC No. 12-000905-CZ

---

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

O'CONNELL, J.

This challenge to a mortgage foreclosure by advertisement is one of the spate of actions that have arisen in Michigan. Mortgagors, mortgagees, mortgage servicing agents, and the courts have contended with statutes, case law, and procedural rules to resolve the requisite method of challenging foreclosure. Plaintiff's claims in this case present several issues the courts have previously addressed and have determined to be insufficient to state a claim. Having reviewed the issues in this case, we affirm the circuit court's dismissal of plaintiff's claims, and we reconfirm the high substantive and procedural standards a mortgagor must meet to state a claim challenging a foreclosure by advertisement.

## I. FACTS AND PROCEDURAL HISTORY

In March 2003, plaintiff and his wife signed a 30-year note for a $300,000 loan from defendant Pioneer Mortgage, Inc. as the lender. Paragraph 1 of the note established that the lender could transfer the note: "I understand that the Lender may transfer this Note. The Lender

-1-

or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Paragraph 6(B) of the note established that plaintiff and his wife must make monthly payments on the loan: "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default."

As security for the loan, plaintiff and his wife executed a mortgage on their home, naming defendant Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee and Pioneer as the lender. The mortgage stated: "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."[1] The mortgage was recorded in the Washtenaw County Register of Deeds on April 10, 2003.

In 2010, plaintiff defaulted on the mortgage. In January 2011, defendant Orlans Associates informed plaintiff that mortgage foreclosure proceedings would be commenced. The following month, defendant Danielle Jackson—who was an Orlans attorney—recorded an Affidavit of Scrivener's Error to correct a mistake in the mortgage's legal description of the property.[2] In paragraph 5 of the affidavit, Jackson attested, "A review of the public record reveals that said mortgage was last assigned to JPMorgan Chase Bank, National Association by assignment submitted to and recorded by the Washtenaw County Register of Deeds." The pleadings in this case indicate that an assignment from MERS to JPMorgan Chase took place on October 5, 2011, several months after Jackson signed the affidavit. The assignment was recorded in October 2011.

On October 17, 2011, Orlans sent a certified letter informing plaintiff that JPMorgan Chase intended to initiate mortgage foreclosure proceedings. The parties did not attain a modification of the mortgage, and the foreclosure by advertisement proceeded. JPMorgan Chase purchased the property at a sheriff's sale on February 23, 2012. The applicable statutory redemption provision allowed plaintiff to redeem the property before August 23, 2012.

Plaintiff did not redeem the property. Two days before the redemption period expired, plaintiff filed a three-count complaint against Pioneer, Orlans, Jackson, JPMorgan Chase, MERS, and defendant Federal National Mortgage Association (Fannie Mae).[3] In Count One, entitled "Wrongful Foreclosure by Advertisement," plaintiff alleged that the assignment of the mortgage and note from MERS to JPMorgan Chase was invalid. Similarly, plaintiff alleged that the foreclosure and sheriff's sale were invalid, and claimed the foreclosure and sale were initiated by an entity that did not own the note or the mortgage and had no record chain of title. In Count Two, entitled "Negligence," plaintiff alleged essentially the same acts against defendants, and asserted that the acts violated defendants' duty to the public and to plaintiff.

---

[1] In 2004, Pioneer changed its name to Sallie Mae Home Loans, Inc. Six years later, in June 2010, Sallie Mae dissolved.

[2] A word had been omitted in the legal description in the mortgage.

[3] The record indicates that on August 16, 2012, JPMorgan Chase conveyed its interest to Fannie Mae by quit claim deed.

Against specific defendants, plaintiff alleged that Jackson's affidavit falsely represented the date that MERS had assigned the mortgage to JPMorgan Chase. Plaintiff further alleged that MERS lacked legal ownership of the loan, and that JPMorgan Chase should not have accepted the assignment from MERS. Plaintiff alleged that any assignments of the mortgage were invalid, because the mortgage terms required the note and mortgage to be maintained as a unit, rather than sold as separate interests.

In Count Three, entitled "Fraud & Conversion," plaintiff alleged that defendants falsely represented they were the holders of plaintiff's note and mortgage, and that defendants falsely represented themselves as proper parties to foreclose. Plaintiff went on to allege, "Defendants, with their false representations, intended to induce, and did induce Plaintiff to forebear from asserting his legal rights to challenge this fraudulent foreclosure." Plaintiff further alleged that he relied on defendants' "publications and sworn filings" and that this reliance caused him to lose an opportunity to challenge the foreclosure prior to the sheriff's sale.

On August 29, 2012, Fannie Mae filed a district court action for possession of the property. On plaintiff's motion, the circuit court consolidated the district court case with plaintiff's circuit court case. Defendants moved for summary disposition in November 2012. Because of various delays in the litigation, the circuit court did not hear arguments on the motion until March 6, 2013. On that date, the circuit court entered a stipulated order of dismissal without prejudice, which dismissed Orlans and Jackson from plaintiff's suit. On the same day, plaintiff filed a motion to amend his complaint to assert new claims against Orlans, Jackson, and the other defendants under the Fair Debt Collection Practices Act, 15 USC 1692k.

In May 2013, the circuit court denied plaintiff's motion to amend and granted summary disposition in favor of the remaining defendants. Citing *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98; 825 NW2d 329 (2012), the circuit court determined that the foreclosure sale was voidable, and that plaintiff was required to show he was prejudiced by the alleged defects in the foreclosure procedure. The circuit court concluded that plaintiff's claims were clearly unenforceable and that no factual development could establish a cognizable claim. Plaintiff moved for reconsideration, which the court denied.

## II. ANALYSIS

### A. FAILURE TO STATE A CLAIM

We review de novo the circuit court's summary disposition ruling. *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 34; 852 NW2d 78 (2014). "Summary disposition under MCR 2.116(C)(8) is appropriate where the complaint fails to state a claim on which relief may be granted." *Id.* We must accept the plaintiff's allegations as true. *Bosanic v Motz Dev, Inc*, 277 Mich App 277, 279 n 2; 745 NW2d 513 (2007). In addition, we draw any reasonable inferences from the alleged facts. *Adair v State*, 470 Mich 105, 119; 680 NW2d 386 (2004). However, "[c]onclusory statements, unsupported by factual allegations, are insufficient to state a cause of action." *Churella v Pioneer State Mut Ins Co*, 258 Mich App 260, 272; 671 NW2d 125 (2003).

Our Supreme Court identified the substantive requirements for a mortgagor to challenge a foreclosure by advertisement in *Kim*, 493 Mich 98. The *Kim* Court held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Id.* at 115. The Court also explained:

> to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute. [*Id.* at 115-116.]

The *Kim* decision established that a mortgagor seeking to set aside a foreclosure by advertisement must allege facts to support three essential aspects of a claim: (1) fraud or irregularity in the foreclosure procedure; (2) prejudice to the mortgagor; and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity. See *Kim*, 493 Mich at 115-116.

The *Kim* Court cited three cases as examples of the nature of prejudice needed to support a foreclosure challenge. 493 Mich at 116 n 33. In the earliest case, *Kuschinski v Equitable & Central Trust Co*, 277 Mich 23; 268 NW 797 (1936), the Court upheld a sheriff's sale against the plaintiff-borrower's challenge. The Court first noted that the plaintiff had not been misled about whether the sale had occurred. *Id.* at 26. The Court concluded, "[t]he total lack of equity in plaintiff's claim, his failure to pay anything on the mortgage debt, and his laches preclude him from any relief." *Id.* at 27. In the next case, *Jackson Investment Corp v Pittsfield Prod, Inc*, 162 Mich App 750; 413 NW2d 99 (1987), this Court upheld a sheriff's sale against a challenge that the sale had occurred five days early. The Court noted that at no time during the redemption period had the mortgagor attempted to redeem the property. *Id.* at 757. Similarly, in *Sweet Air Investment, Inc v Kenny*, 275 Mich App 492; 739 NW2d 656 (2007), this Court upheld a sheriff's sale when the mortgagors made no effort to redeem the property and delayed their challenge to the sale. *Id.* at 503.

Justice Markman's concurring opinion in *Kim* summarized these three cases as follows:

> Although a nonexhaustive listing, some of the factors that might be relevant in [demonstrating prejudice] would include the following: whether plaintiffs were "misled into believing that no sale had been had," *Kuschinski v Equitable & Central Trust Co*, 277 Mich 23, 26; 268 NW 797 (1936); whether plaintiffs "act[ed] promptly after [they became] aware of the facts" on which they based their complaint, *id.;* whether plaintiffs made an effort to redeem the property during the redemption period, *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 503; 739 NW2d 656 (2007); whether plaintiffs were "represented by counsel throughout the foreclosure process," *Jackson Investment Corp v Pittsfield Prod, Inc*, 162 Mich App 750, 756; 413 NW2d 99 (1987) . . . . [*Kim*, 493 Mich at 121 (Markman, J., concurring).]

In this case, plaintiff alleges that defendant JPMorgan Chase was neither the mortgage holder nor the servicing agent, and that the foreclosure thus violated MCL 600.3204. Even assuming this allegation is true for the purposes of summary disposition, and assuming the allegation is sufficient to present the first aspect of a claim to challenge a foreclosure, the circuit court correctly determined that plaintiff's remaining allegations are insufficient on the prejudice aspects of his claim.

Plaintiff's allegations of prejudice in this case are conclusory, and he has not alleged a causal connection between the alleged fraud or irregularity in the foreclosure procedure and any ability he might have had to preserve his property interest. Nothing in the pleadings indicates that plaintiff was qualified for a modification of the mortgage or to redeem the property. He does not claim that he was misled regarding whether a sheriff's sale would occur. Consequently, plaintiff has not alleged any facts that our Supreme Court suggested might support the prejudice element of a wrongful foreclosure claim.

Instead, plaintiff alleged that defendants' actions caused him to lose an opportunity to challenge the foreclosure prior to the sheriff's sale. Specifically, plaintiff alleged that defendants' conduct misrepresented the ownership interests in the mortgage during the foreclosure process, as follows: in February 2011, Jackson recorded an affidavit falsely representing that JPMorgan had an ownership interest in the property; in March 2011, he was informed that Fannie Mae was an "investor" in the mortgaged property; on October 7, 2011, he checked Fannie Mae's website and learned that Fannie Mae owned a loan at the property address; and on October 17, 2011, plaintiff received a certified letter notifying him of mortgage foreclosure proceedings by JPMorgan Chase. Plaintiff alleged that he relied on these publications and sworn filings to his detriment, in that "the fraud of defendants covered the truth about the legal and proper transfers . . . and the identity of the foreclosing party . . . ."

Viewed in the light most favorable to plaintiff, there is no indication of how or why the foreclosure initiated by JPMorgan Chase—rather than another entity—precluded plaintiff from challenging the foreclosure. Plaintiff makes no allegations in this regard other than the conclusory statement that he lost an opportunity to challenge the foreclosure prior to the mortgage sale. Given that plaintiff's complaint confirms he knew of the changes in the mortgage holders by mid-October 2011, nothing in his pleadings supports his contention that defendants' actions prevented him from challenging the foreclosure before the February 2012 sheriff's sale. In sum, plaintiff failed to present sufficient allegations to support his claim that defendants' conduct prejudiced his ability to preserve an interest in the mortgaged property. See *Conlin v Mortgage Electronic Registration Sys, Inc*, 714 F3d 355, 359-360 (CA 6, 2013).

For the same reason, plaintiff's negligence and fraud claims fail. A cause of action for negligence must include allegations to support each of four elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Even assuming that plaintiff's allegations are sufficient on the first three elements of negligence, plaintiff has not presented facts to support his allegation that defendants' breaches of duty proximately caused any damage to plaintiff. Similarly, to state a claim for fraud, a plaintiff must assert, among other elements, that the plaintiff sustained damages as a result of having relied on

-5-

the defendant's false representation. *Lucas v Awaad*, 299 Mich App 345, 363; 830 NW2d 141 (2013). Although plaintiff attempts to support his fraud allegations with references to various Michigan statutes, he does not argue that the statutes allow him to avoid alleging the elements of fraud. Plaintiff has failed to allege any actionable prejudice resulting from defendants' representations. Accordingly, plaintiff has failed to state any actionable claim against defendants in this case.[4]

## B. PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY

Plaintiff argues that the circuit court erred by denying his request for additional discovery, which plaintiff contends could yield additional facts to support his claim. This Court reviews for abuse of discretion a circuit court's decision to grant or deny discovery. *King v Michigan State Police Dep't*, 303 Mich App 162, 175; 841 NW2d 914 (2013).

We conclude that the circuit court was within its discretion to deny plaintiff's request for additional discovery. This Court has explained, "[A] party opposing a motion for summary disposition because discovery is not complete must provide some independent evidence that a factual dispute exists." *Michigan Nat'l Bank v Metro Institutional Food Service, Inc*, 198 Mich App 236, 241; 497 NW2d 225 (1993). In this case, plaintiff has not suggested what information might be within defendants' knowledge that could plausibly demonstrate a causal connection between defendants' actions and any prejudice to plaintiff. As defendants point out, plaintiff himself is in the best position to determine whether he was prejudiced by any of defendants' actions. Where, as here, there is no reasonable indication that additional discovery will provide factual support for a mortgagor's challenge to a foreclosure by advertisement, a circuit court is within its discretion to deny further discovery. See *VanVourous v Burmeister*, 262 Mich App 467, 477; 687 NW2d 132 (2004); see also *Holliday v Wells Fargo Bank, NA*, 569 F Appx 366, 371-372 (CA 6, 2014) (mortgagor not entitled to additional discovery to establish prejudice in a wrongful foreclosure claim).

## C. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

After nearly a year of litigation, plaintiff sought to amend his complaint to add a claim under the federal Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 *et seq*. Even later in the litigation, plaintiff sought to add a claim alleging violation of due process rights. We review for abuse of discretion the circuit court's denial of the motions to amend. *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 8; 772 NW2d 827 (2009).

We find no abuse of discretion in the circuit court's denial of the proposed amended claims. We recognize that in ordinary cases, motions to amend are generally granted. *Lane v KinderCare Learning Centers, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998). The record in this case demonstrates that the litigation was not typical. Plaintiff did not redeem the property

---

[4] Defendants argue that plaintiff lacks standing to sue. We need not address this issue, because even if we assume for purposes of this case that plaintiff has standing, plaintiff has failed to state a claim.

as provided by law. Instead, plaintiff sought to avoid eviction by alleging fraud, but without proof of prejudice. When the litigation had progressed to the point of summary disposition, plaintiff suddenly sought to add an additional federal claim. In our view, this approach to litigation warranted denial of the proposed amended complaint. As this Court explained in *Lane*, a motion to amend may be denied for the following reasons:

> (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. Absent bad faith or actual prejudice to the opposing party, delay, alone, does not warrant denial of a motion to amend. [*Id*., citing *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997).]

Plaintiff argues that his proposed amendments to the complaint were designed to provide proof of prejudice, as required by *Kim*, 493 Mich 98. However, plaintiff does not identify which of the proposed amendments presented facts to support his allegation of prejudice. There are no allegations in the proposed amendments to establish that defendants' conduct caused plaintiff to lose an opportunity to preserve an interest in the property. Absent any proposed amendments that could support a causal connection between defendants' conduct and the alleged prejudice to plaintiff, the circuit court correctly denied the proposed amendment.

Plaintiff also argues that he opted to assert the FDCPA claim in reliance on a decision issued in 2013: *Glazer v Chase Home Finance LLC*, 704 F3d 453 (CA 6, 2013). In *Glazer*, the Sixth Circuit Court of Appeals recognized that mortgage foreclosure may constitute debt collection within the meaning of the FDCPA. Contrary to plaintiff's representation on appeal, however, the *Glazer* decision was not the first decision on this issue. The *Glazer* Court recognized that "confusion has arisen on the question of whether mortgage foreclosure is debt collection under the Act" and that "[o]ther courts have taken varying approaches on the issue." In Michigan, this Court recognized as early as 2008 that a mortgagor might challenge a foreclosure pursuant to the FDCPA, if the mortgagor properly alleged that the defendant was a debt collector and properly alleged violations of the FDCPA. See *Jackson v Flagstar Bank*, unpublished opinion per curiam of the Court of Appeals, issued December 16, 2008 (Docket No. 281333).

Notwithstanding the existing law on FDCPA claims, plaintiff did not attempt to assert the claims until the day of the stipulated dismissal of Orlans and Jackson, which was also the day the circuit court first held a motion hearing on defendants' summary disposition motion. The attempt to add claims appeared to be an effort to circumvent the stipulated dismissal and to prolong the summary disposition arguments. Plaintiff exhibited undue delay in presenting the motion to amend. Moreover, the delay in asserting the FDCPA claims, which arose from the same facts as plaintiff's other claims, prejudiced defendants both in their ability to defend the claims and in their ability to conduct efficient litigation. On the ground of undue delay and prejudice, the motion to amend was properly denied. See *Franchino v Franchino*, 263 Mich App 172, 190; 687 NW2d 620 (2004); see also *Glazer*, 704 F3d at 459 (regarding certain claims, mortgagor "waited too long to seek leave to amend, and the delay unduly prejudiced the [mortgagee].").

Plaintiff's attempt to add a due process claim was similarly improper and was meritless. This Court has determined that a mortgagor cannot pursue a due process claim against a government-sponsored entity akin to Fannie Mae. *Federal Home Mortgage Ass'n v Kelley (On Reconsideration)*, ___ Mich App ___; ___ NW2d ___, Docket No. 315082 (August 26, 2014). The Sixth Circuit Court of Appeals recently cited *Kelley* and determined that Fannie Mae is not a governmental actor, and that the plaintiff-mortgagor's attempt to challenge Fannie Mae's foreclosure on due process grounds failed as a matter of law. *Rubin v Fannie Mae*, ___ F Appx ___, 2014 Westlaw 4800282 (CA 6, September 29, 2014).

## D. REAL PARTY IN INTEREST

Plaintiff argues that JPMorgan Chase was not the proper party to foreclose by advertisement, and that Fannie Mae was not the proper party to bring a possession action. The circuit court rejected these arguments on summary disposition. We review de novo the circuit court's summary disposition ruling, and will uphold the ruling under MCR 2.116(C)(8) if the complaint fails to state a claim on which relief may be granted. *LaFontaine*, 496 Mich at 34.

We find no error in the summary disposition ruling. Under *Kim*, 493 Mich 98, even if the foreclosure was procedurally incorrect, a mortgagor cannot state a claim unless there was prejudice arising from the procedural flaw. Plaintiff in this case has not alleged or demonstrated any prejudice arising from any procedural flaw in the foreclosure by advertisement. Accordingly, summary disposition was appropriate.

## III. CONCLUSION

The circuit court's order granting summary disposition, denying amendment of the claim, and resolving the possession action is affirmed.

/s/ Peter D. O'Connell
/s/ Henry William Saad
/s/ Christopher M. Murray

-8-