# STATE OF MICHIGAN

# COURT OF APPEALS

TEREES WILLIAMS,

Plaintiff-Appellant,

v

FANNIE MAE a/k/a FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

Defendant-Appellee.

UNPUBLISHED
July 16, 2015

No. 321677
Muskegon Circuit Court
LC No. 13-049184-CH

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

In this foreclosure action, plaintiff appeals by right the trial court order that granted summary disposition in favor of defendant and denied plaintiff's motion to amend her complaint. We affirm.

## I. FACTS

On December 5, 2006, plaintiff and her husband received a loan from MMS Mortgage Services LTD in the amount of $71,050. This loan was evidenced by a note secured by a mortgage encumbering plaintiff's real property located at 288 East Isabella Avenue in Muskegon. After several previous assignments not relevant to this appeal, the mortgage was assigned to Nationstar Mortgage LLC (Nationstar) on July 25, 2011.

Plaintiff began experiencing financial difficulties when she became disabled in 2010. As a result, she began having difficulty making her mortgage payments, resulting in default status.[1] In August 2011, Nationstar sent plaintiff a "trial plan" which could potentially lead to a permanent loan modification. The trial plan required plaintiff to make reduced payments of $520.37 on September 1, October 1, and November 1, 2011. The record supports that plaintiff made the required payments as scheduled. Thus, Nationstar offered plaintiff a permanent loan modification; in order to accept, plaintiff was required to sign and return the modification

---

[1] According to defendant, plaintiff entered her first trial loan modification agreement with her previous servicer, CitiMortgage, Inc., under which she defaulted.

documents by January 23, 2012.[2]  Plaintiff did not do so because she had questions about the documentation; she called Nationstar on January 25 and February 29, 2012 and Nationstar apparently addressed her questions.  But, plaintiff never signed and returned the permanent loan modification agreement.  Thus, on April 9, 2012, Nationstar informed plaintiff that the modification offer had expired due to her failure to accept.

Nonetheless, Nationstar extended another trial plan to plaintiff on May 14, 2012.  Under this trial plan, plaintiff was required to make payments of $489.31 on June 1, July 1, and August 1, 2012.  Nationstar acknowledged that it received the first two payments on June 26 and August 2, 2012.  But, Nationstar never received the third payment and plaintiff does not allege that she timely submitted that payment.[3]  As a result, Nationstar commenced foreclosure by advertisement proceedings.  A sheriff's sale was held on November 9, 2012, at which Nationstar purchased the subject property for $76,744.49.  On November 16, 2012, Nationstar transferred its interest in the property to defendant via quitclaim deed.  The redemption period expired on May 9, 2013, and, because plaintiff failed to redeem the property, title vested in defendant.

On October 2, 2013, plaintiff, proceeding *in propria persona*, filed a circuit court "complaint to cancel sheriff's deed sale" against defendant, alleging that "irregularities existed with the loan servicing, including improper inflation of the loan balance" and that the foreclosure sale "was executed contrary to the National Mortgage Settlement Agreement."  On the same day, plaintiff mailed a copy of the summons and complaint to Trott & Trott, P.C., a law firm; postal records confirm that Trott & Trott received this mailing on October 4, 2013.

On November 1, 2013, defendant filed a motion for summary disposition.  The same day, plaintiff filed a motion for default judgment.  On December 2, 2013, the trial court heard oral argument on both motions.  The court allowed plaintiff to submit several previously unsubmitted documents as exhibits.  The court permitted defendant to respond to this documentation in a supplemental brief, which it filed on December 16, 2013.  On the record, the court denied plaintiff's motion for default judgment, ruling that her failure to properly serve her summons and complaint on defendant constituted "a major defect or irregularity in the proceedings here that provide good cause for this Court to set aside the default for failure to answer."  As to defendant's motion for summary disposition, the court declined to rule and indicated that it would issue a written opinion.

---

[2] Plaintiff claims that she actually received this letter after January 23, 2012, i.e., after the date she was required to return the documentation.  Plaintiff has not asserted, however, that this alleged late delivery entitles her to relief and does not contend that she would have signed and returned the permanent modification had it been delivered earlier.  Indeed, plaintiff did not agree with the terms of the permanent modification and stated as much before the trial court.

[3] Plaintiff did submit two further payments, after the sheriff's sale had been held, that were either returned or held in escrow because they were insufficient to cover the entire redemption amount (Exhibits 11 & 13 to plaintiff's brief on appeal).

On January 6, 2014, while the court's opinion was pending, plaintiff filed an amended complaint, seeking to add claims of fraud, defamation, and intentional infliction of emotional distress.

In an opinion dated February 25, 2014, the trial court granted defendant's motion for summary disposition, ruling that "[t]here is no genuine issue of material fact that there were any irregularities in the foreclosure proceedings." In the same opinion, the court denied plaintiff's proposed amended complaint, finding that her alternative claims were either improperly pled and/or futile.[4] From these rulings, plaintiff appealed.

## II. DEFAULT JUDGMENT

Plaintiff argues that the trial court abused its discretion by denying her motion for default judgment.[5]

MCR 2.603(A)(1) provides that, "If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party." Plaintiff argues that she was entitled to default judgment because defendant failed to answer her complaint within the time period required under MCR 2.108.

Plaintiff's argument fails for two reasons. First, it is axiomatic that a defendant must be properly served in order to trigger the response timing requirements provided in MCR 2.108. It is undisputed that defendant is a corporation and that the only form of service plaintiff performed was sending the summons and complaint to an attorney of Trott & Trott, PC. MCR 2.105(D) provides the requirements to effect service on a corporation and plaintiff satisfied none of them.[6]

---

[4] On April 21, 2014, the court entered an order staying the execution of its previous orders pending plaintiff's appeal and directed plaintiff to continue to make her mortgage payments to an escrow account.

[5] We review a circuit court's ruling on a motion for default judgment for an abuse of discretion. *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 642; 617 NW2d 373 (2000). "The construction and interpretation of court rules is a question of law that we review de novo." *Id*.

[6] MCR 2.105(D) provides:

> Service of process on a domestic or foreign corporation may be made by:
>
> (1) serving a summons and a copy of the complaint on an officer or resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

Defendant concedes that Trott & Trott has represented it in other actions; yet, there is no indication that Trott & Trott is a resident agent or other entity qualified to receive service on behalf of defendant and, moreover, Trott & Trott entered no appearance nor participated in the instant legal proceedings. Accordingly, plaintiff's service was insufficient to trigger the response timing requirements of MCR 2.108. See also *Bullington v Corbell*, 293 Mich App 549, 558; 809 NW2d 657 (2011) ("The court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind.").

Second, even if plaintiff had properly served defendant, it still responded within the time period required by MCR 2.108. It is undisputed, and supported by record evidence, that Trott & Trott received the summons and complaint on October 4, 2013. See MCR 2.105(A)(2) ("Service is made when the defendant acknowledges receipt of the mail."). It is also undisputed that defendant filed its motion for summary disposition on November 1, 2013, 28 days after Trott & Trott's receipt of the summons and complaint. The summons itself states that "if you were served by mail," a defendant has 28 days "to file a written answer with the court and serve a copy on the other party or take other lawful action with the court." See MCR 2.108(A)(2). Defendant took exactly such lawful action by filing its motion for summary disposition with the court within 28 days. Plaintiff argues that this motion did not constitute an "answer." Nevertheless, as the summons properly indicated, MCR 2.108 requires a defendant to file "an answer *or take other action permitted by law*." (Emphasis added). Filing a motion for summary disposition is such an action. Thus, even assuming that plaintiff properly effectuated service on defendant, she was not entitled to a default judgment.

Accordingly, the trial court did not abuse its discretion by denying plaintiff's motion for default judgment.

## III. FORECLOSURE IRREGULARITIES

---

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporate Division if

(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or

(c) the corporation's term of existence has expired.

Plaintiff alleges that several irregularities occurred that justified voiding her foreclosure: (1) Nationstar failed to provide the statutorily required notice of foreclosure proceedings; (2) plaintiff and Nationstar had entered into a loan modification agreement and; (3) Nationstar breached the first trial plan.[7]

In *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012), our Supreme Court held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." In *Diem v Salle Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2015), we explained:

> The *Kim* decision established that a mortgagor seeking to set aside a foreclosure by advertisement must allege facts to support three essential elements of the claim: (1) fraud or irregularity in the foreclosure process, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity.

Plaintiff first argues that Nationstar did not provide the notice required before commencing foreclosure proceedings.

At the relevant time, MCL 600.3204(4)(a) provided that foreclosure proceedings could not be commenced if "Notice has not been mailed to the mortgagor as required by section 3205a."[8] The referenced statute, MCL 600.3205a, provided that a detailed notice with numerous requirements must be provided to mortgagor. Plaintiff alleges that Nationstar failed to comply with MCL 600.3205a(3), which required that the notice be mailed "by regular first class mail and by certified mail, return receipt requested, with delivery restricted to the borrower, both sent to the borrower's last known address" In opposition, defendant produced documentation evidencing that notice had been sent to plaintiff in this manner. Plaintiff alleges that she never

---

[7] This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(10). *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007). "When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id*. at 509-510. All reasonable inferences are to be drawn in favor of the nonmoving party. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). "Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Ernsting*, 274 Mich App at 509. "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008). "A genuine issue of material fact exists when the record, giving the benefit of any reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ." *Ernsting*, 274 Mich App at 510.

[8] Many of the statutes at issue in this appeal have been amended and/or repealed since the events of plaintiff's case. The statutes are quoted as they existed at the relevant times.

received this notice and that defendant's documentation thereof was falsified for purposes of this litigation. Yet, plaintiff has provided no evidence to support these assertions, and plaintiff's bare assertions, in themselves, are insufficient to survive summary disposition.[9]

Plaintiff next argues that Nationstar violated MCL 600.3204(4)(f), which provided that foreclosure proceedings could not be commenced where "[t]he mortgagor and mortgagee have agreed to modify the mortgage and the mortgagor is not in default under the modified agreement." This argument fails because, as the trial court noted, plaintiff and Nationstar never entered into a loan modification agreement. Plaintiff made the three necessary payments in her original trial plan but failed to sign and accept the permanent modification before the applicable deadline. Thus, this modification never took effect.[10] Plaintiff made the first two payments of second trial plan, but there is no evidence that she made the third, thus violating the plan and preventing her from entering into a loan modification.[11] Even if this trial plan constituted a "loan modification" within the meaning of MCL 600.3204(4)(f), plaintiff was in default by virtue of her failure to timely make the final payment. Thus, plaintiff did not establish a question of fact as to whether her foreclosure commenced in violation of MCL 600.3204(4)(f).

Plaintiff also alleged that Nationstar breached the original trial modification plan by failing to commence the permanent loan modification. As the trial court noted, the trial plan did not constitute a legal contract because it was not signed by an authorized signatory of Nationstar. See MCL 566.132(2); *AFT Michigan v Michigan*, 303 Mich App 651, 660; 846 NW2d 583 (2014) (holding that to establish a claim for breach of contract, a plaintiff must first prove the existence of a contract). Moreover, there is no indication that Nationstar breached its responsibilities under the first trial plan. Plaintiff made the three payments as scheduled, which was apparently recognized by Nationstar, as it offered plaintiff the permanent modification. Nonetheless, she failed to accept the permanent modification, and the trial court did not err by granting summary disposition in favor of defendant on plaintiff's claim of breach of contract.

---

[9] Moreover, as the trial court noted, even if plaintiff could establish that Nationstar failed to comply with the notice requirements of MCL 600.3205a, her sole remedies were to seek to enjoin the foreclosure, MCL 600.3205a(5) or convert the foreclosure by advertisement to a judicial foreclosure, MCL 600.3205c(8).

[10] Nationstar's August 12, 2011 letter detailing the trial plan explicitly stated that plaintiff's loan would only be modified if she were to "comply with terms of the required Trial Period Plan, [and] *supply any additional documentation requested*[.]" (Emphasis added). Plaintiff failed to comply with this provision by failing to sign and accept the modification offer during the time period allowed.

[11] Nationstar's May 14, 2012 letter detailing the second trial plan explicitly provided that, "*If you comply with the trial plan*, your loan will be permanently modified." (Emphasis added). Plaintiff failed to comply by failing to timely submit the third payment.

Accordingly, the trial court did not err by granting summary disposition in favor of defendant.[12]

## IV. MOTION TO AMEND

Plaintiff argues that the trial court abused its discretion by denying her motion to amend her complaint to add (1) additional allegations of fraud, (2) a claim of intentional infliction of emotional distress, and (3) a claim for defamation of character.

"[I]n ordinary cases, motions to amend are generally granted." *Diem*, 307 Mich App at 216. Nonetheless, motion to amend may properly be denied for the following reasons:

> (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. Absent bad faith or actual prejudice to the opposing party, delay, alone, does not warrant denial of a motion to amend. [*Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998) (citation omitted).]

The trial court essentially found that plaintiff's proposed amendments were futile.

## A. ADDITIONAL ALLEGATIONS OF FRAUD

Plaintiff's additional claim of fraud appears to allege that Nationstar improperly charged her a $15.00 "phone payment fee" for several mortgage payments despite the fact that she mailed in her checks. To the extent these fees were assessed in error, as the trial court noted, plaintiff has not alleged or provided evidence to suggest that Nationstar knowingly or recklessly assessed false charges and/or that plaintiff believed and relied upon these charges. See *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012) (describing elements of actionable fraud). Moreover, plaintiff failed to plead all the elements of fraud, which "must be stated with particularity." MCR 2.112(B)(1); *State v CVS Caremark Corp*, 496 Mich 45, 63; 852 NW2d 103 (2014). Under these circumstances, the trial court did not abuse its discretion by denying plaintiff's motion to amend her complaint to add this additional allegation of fraud.

## B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

---

[12] Having found that no question of fact exists as to whether there was fraud or irregularity in the foreclosure process, we need not address whether plaintiff was prejudiced by the alleged fraud or irregularity nor whether a causal connection between the two existed. *Diem*, 307 Mich App at 210-211.

To establish a prima facie case of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff. Only when a plaintiff can demonstrate that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community will liability attach. [*Dalley v Dykema Gossett*, 287 Mich App 296, 321; 788 NW2d 679 (2010) (quotation marks and citations omitted).]

As the trial court found, plaintiff presented no evidence that defendant and/or Nationstar engaged in the "extreme and outrageous conduct" necessary to support a claim for intentional infliction of emotional distress. Although there is no doubt that these lengthy and complicated proceedings have caused great distress to plaintiff and her family, such distress, in and of itself, is not a basis for such a claim. Even if defendant and/or Nationstar failed to adequately communicate with plaintiff at times, there is no indication that either entity or its agents and employees did so with malicious intent or recklessness. Indeed, Nationstar offered plaintiff two separate trial loan modification plans despite her default status. Thus, the trial court did not abuse its discretion in denying plaintiff's motion to amend to add a claim for intentional infliction of emotional distress.

## C.  DEFAMATION

Where a defendant's statements are not protected by the First Amendment, a plaintiff can establish a defamation claim by showing: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod). [*Ireland v Edwards*, 230 Mich App 607, 614; 584 NW2d 632 (1998) (citations omitted).]

Plaintiff alleged that she was defamed by Nationstar's commencement of foreclosure without lawful notice and placing information of same on plaintiff's credit report. The trial court wrote that, "Assuming that is true, the publication of the fact of foreclosure cannot be the basis for a defamation of character claim because it was not a false representation." The court's analysis was correct. It was true that plaintiff's home was in foreclosure, and as discussed, that foreclosure was lawfully commenced. Because "substantial truth is an absolute defense to a defamation claim[,]" the trial court did not abuse its discretion in denying plaintiff's motion to amend to add a defamation claim. *Collins v Detroit Free Press, Inc*, 245 Mich App 27, 33; 627 NW2d 5 (2001).

Affirmed.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro