# STATE OF MICHIGAN

# COURT OF APPEALS

CARLETON BUCK,

UNPUBLISHED
July 16, 2015

Plaintiff-Appellant,

v

No. 320967
Wayne Circuit Court
LC No. 12-010985-NO

CITY OF HIGHLAND PARK, CURTIS WHITE,
and JANE DOE,

Defendants-Appellees.

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition in favor of defendants. We affirm.

This case arises from a shooting that occurred during an armed robbery at the Gold Nugget, a pawnshop in Highland Park, Michigan. Although the facts are highly disputed, defendant police officer Curtis White, along with his partner police officer Heather Holcomb (presumably defendant "Jane Doe"), both employees of defendant City of Highland Park (Highland Park), responded to a robbery alarm at the Gold Nugget. Upon arriving, the officers entered the pawn shop. Plaintiff entered the pawn shop directly after the officers. Shortly thereafter, the armed burglars in the pawn shop fired at the officers. White and plaintiff were shot and injured.

Plaintiff subsequently filed a complaint against defendants alleging constitutional violations pursuant to 42 USC 1983. Defendants filed a motion for summary disposition, which the trial court granted. Plaintiff thereafter filed a motion for reconsideration, which was denied. Plaintiff appeals the order granting defendants' motion for summary disposition and the order denying plaintiff's motion for reconsideration. We affirm.

## I. MOTION FOR SUMMARY DISPOSITION

We first address plaintiff's argument that the trial court erred in granting defendants' motion for summary disposition. We disagree.

Defendants brought a motion for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). In rendering its decision, the trial court granted the motion for summary disposition for

-1-

the reasons stated in defendants' brief in support of the motion for summary disposition. Because defendants moved for summary disposition on multiple grounds and the trial court ruled on the motion without specifying the subrule under which it decided the issue but considered material outside the pleadings, this Court will review the decision as based on MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Pew v Mich State Univ*, 307 Mich App 328, 331; 859 NW2d 246 (2014). A motion for summary disposition under MCR 2.116(C)(10) challenges whether a plaintiff provided sufficient factual support for the claims in his complaint. *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 173; 858 NW2d 765 (2014). This Court considers "the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Id*. (citation and quotation marks omitted). "Mere conclusory allegations that are devoid of detail are insufficient to demonstrate that there is a genuine issue of material fact for trial." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

42 USC 1983 provides a federal remedy against any person who, under the color of state law or custom having the force of law, deprives another of rights protected by the constitution or laws of the United States. The statute does not provide the source of the rights, but only provides the remedy for a violation of the United States constitution or a federal statute. *Lavigne v Forshee*, 307 Mich App 530, 537; 861 NW2d 635 (2014). In order to prevail in an action under 42 USC 1983, a plaintiff must show "that (1) defendants acted under color of state law and (2) that defendants' conduct deprived [him] of a federal right.[]" *Id*. at 539.

Plaintiff alleged that defendants violated his due-process rights under the United States and Michigan Constitutions. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." US Const, Am XIV, § 1. The Due Process Clause of the Michigan Constitution "provides protection coextensive with its federal constitutional counterpart." *By Lo Oil Co v Dep't of Treasury*, 267 Mich App 19, 32; 703 NW2d 822 (2005). "In the context of individual governmental actions or actors . . . to establish a substantive due process violation, 'the governmental conduct must be so arbitrary and capricious as to shock the conscience.' " *Cummins v Robinson Twp*, 283 Mich App 677, 701; 770 NW2d 421 (2009) (citation omitted). In general, the government's failure to protect an individual against a third party does not violate the individual's due-process rights. *DeShaney v Winnebago Co Dep't of Social Servs*, 489 US 189, 197; 109 S Ct 998; 103 L Ed 2d 249 (1989). However, several exceptions to the general rule exist, including the failure to train and the state-created danger doctrine. Plaintiff asserts that defendants are liable pursuant to both doctrines.

## A. STATE-CREATED DANGER DOCTRINE

"[A] state might still be liable for private acts of violence that result from the state's affirmative acts that greatly increase the risk of harm to its citizens." *Manuel v Gill*, 270 Mich App 355, 366-367; 716 NW2d 291 (2006), aff'd in part on other grounds, rev'd in part on other

grounds by 481 Mich 637 (2008). The state-created danger theory of liability provides that a government entity is liable to a plaintiff if the plaintiff shows:

> 1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; 2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and 3) the state knew or should have known that its actions specifically endangered the plaintiff. [*Id*. at 367 (citations and quotation marks omitted).]

The trial court did not err when it granted defendants' motion for summary disposition because plaintiff failed to provide factual support for his claim that the affirmative actions of Officers White or Holcomb created or increased that plaintiff would be exposed to an act of violence by a third party.

Plaintiff alleged that the officers committed an affirmative act that increased the risk of danger when they entered the Gold Nugget. Plaintiff claims that the officer's presence caused the robbers to start shooting. We reject plaintiff's assertions for several reasons. Primarily, we do not agree that the officers' entry into the building constituted an affirmative act which increased the risk to plaintiff. This argument completely ignores that the primary act that caused plaintiff's injury was the armed robber shooting plaintiff. Plaintiff's argument attempts to deflect blame from the robber to the officer in an illogical manner. Moreover, we do not agree that the officers' entry into the building, the alleged affirmative act, increased the risk to plaintiff. Rather, the presence of the officers decreased the risk of harm to plaintiff since the officers were in a position to protect him from the robbers. Finally, we reject plaintiff's assertion that the officers committed an affirmative act that increased the risk of danger when they drew their handguns inside of the Gold Nugget. The undisputed evidence shows that the police officers did not draw their handguns until *after* the robbers began shooting. Plaintiff also claims that the officers should not have parked directly in front of the pawn shop. However, the evidence showed that the police parked at least one space away and looked in the windows of the Gold Nugget before going inside. Moreover, as plaintiff admits, the shooting did not occur until the officers entered into the pawn shop, not because of where the officers parked their vehicle.

Plaintiff's remaining arguments regarding the officers' alleged affirmative acts relate to a multitude of inactions by the officers that he claims created or increased the risk to him. Primarily, plaintiff argues that the officers failed to establish a perimeter around the scene of the incident or advise plaintiff and other patrons not to enter the pawn shop. According to plaintiff, the officers knew that an armed robbery was occurring and should have done more to protect plaintiff. We agree with plaintiff that these failures are troubling. However, the failure to act does not constitute an "affirmative act" under the state-created danger doctrine. *Jones v Reynolds*, 438 F3d 685, 691 (CA 6, 2006). Accordingly, we do not agree that the officers committed an affirmative act that created or increased the risk of danger to plaintiff. Because plaintiff cannot establish an affirmative act, his state-created danger theory of liability fails. Accordingly, we conclude that it is unnecessary to address the remaining arguments relating to this issue.

## B. FAILURE TO TRAIN

-3-

Plaintiff also argues that his due process rights were violated by Highland Park's failure to train its police officers. We disagree. A municipality cannot be liable solely because an act of its employee violated the plaintiff's constitutional rights. See *Payton v Detroit*, 211 Mich App 375, 398; 536 NW2d 233 (1995). However, "[a] municipality can be held liable under § 1983 for its policies that violate the constitution or laws of the United States." *Id*. The policy does not need to be unconstitutional in and of itself. *York v Detroit*, 438 Mich 744, 755; 475 NW2d 346 (1991). Instead, a plaintiff must show that the constitutional violation was a result of action taken under an official municipal policy. *Payton*, 211 Mich App at 398. "[The] first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id*. (citations and quotation marks omitted; alteration in original). Although there is usually formal approval for a municipal policy, "the plaintiff may assert and prove that the policy-making officials of the municipality *deliberately approved* an unconstitutional custom or practice." *Id*. at 399 (emphasis added). Mere negligence is insufficient to give rise to municipal liability under the statute. *Id*. Instead, the plaintiff must prove that the municipality acted with deliberate indifference. *Id*. The term "deliberate indifference" includes " 'knowledge, actual or constructive, and a conscious disregard of a known danger' by the policy-making official." *Id*. (citation omitted). A municipality may be liable for failing to train its police officers if it had a policy of failing to train and the failure to train caused a violation of the plaintiff's constitutional rights. *Id*. at 400.

The trial court did not err when it granted defendants' motion for summary disposition regarding Highland Park's failure to train because plaintiff failed to show that the constitutional violation was a result of action taken under an official municipal policy. See *id.* at 398. First, plaintiff failed to show that Highland Park had a formal or informal policy or custom of failing to train its police officers. See *id*. at 398-399. While Highland Park did not have a police academy or a training division, Officer White testified that he received formal training through the Detroit Police Academy, as well as informal training from veteran officers at the Highland Park police department and through his years on the job. He also received a copy of the Highland Park Municipal Code and a copy of the Highland Park Police Department Regulations. More specifically, Officer White stated that he was trained in crime scene investigation and in establishing a perimeter around the scene of an assaultive crime. Officer White testified that the correct procedure to protect bystanders at the scene of an assaultive crime was to inform the bystanders to vacate the area. Based on the submitted evidence, we do not agree that plaintiff established a question of fact that Highland Park maintained a policy or custom of not training its officers. See *id*.

Further, plaintiff failed to provide factual support for his assertion that Highland Park acted with deliberate indifference. See *id*. at 399-400. As defendants assert, there is no indication that Highland Park knew that training was necessary or that the lack of training would lead to a violation of plaintiff's constitutional rights. Therefore, the trial court did not err in granting defendants' motion for summary disposition with regard to plaintiff's allegation of failure to train.

## C. FINDINGS OF FACT

Plaintiff argues that the trial court had to make improper findings of fact in order to grant summary disposition in favor of defendants. As discussed above, plaintiff failed to provide sufficient factual support to survive a motion for summary disposition on his claims even when all factual disputes are resolved in his favor. See *Stone*, 307 Mich App at 173. Therefore, plaintiff's argument fails.

## II. DISCOVERY

Plaintiff also argues that the trial court erred when it granted defendants' motion for summary disposition before plaintiff ascertained certain discovery. Specifically, plaintiff asserts that the trial court should have withheld its decision until after plaintiff received the Michigan State Police investigation report, the audiotape recordings of the 911 telephone calls and dispatch calls from the incident, and training materials from the Highland Park Police Department. We disagree. We review a trial court's decision regarding discovery for an abuse of discretion. *PCS4LESS, LLC v Stockton*, 291 Mich App 672, 676; 806 NW2d 353 (2011). "An abuse of discretion occurs when the trial court chooses an outcome falling outside a range of principled outcomes." *Id*. at 676-677.

A trial court prematurely grants summary disposition if a party has not had the opportunity to conduct discovery. *Huntington Nat'l Bank v Daniel J Aronoff Living Trust*, 305 Mich App 496, 513; 853 NW2d 481 (2014). "However, the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate. The question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009).

First, we note that the court granted summary disposition *after* the close of discovery, which had already been extended once. Although defendants filed the motion for summary disposition before the close of discovery, the trial court did not err because it decided the motion after the close of discovery, and plaintiff could have continued to conduct discovery during this period. See *id*.

Furthermore, there was not a fair chance of uncovering factual support for plaintiff's position. First, the audiotape recordings of the 911 telephone call and the dispatch call from the 911 operator to the Highland Park Police Department were played on the record during the hearing on defendants' motion for summary disposition. Thus, the court was fully appraised of its contents when rendering its decision. Second, defendants had previously explained that the specific training materials that plaintiff requested did not exist, and the court ordered defendants to give the materials to plaintiff if found. Third, the court addressed at the hearing on the motion for summary disposition the issue of the Michigan State Police investigation report. The court stated that defense counsel did not have the responsibility to provide the report to plaintiff, and ruled that plaintiff should have requested the report from the Michigan State Police directly. Further, we are not convinced that the investigation report would have supported to plaintiff's position, especially in light of our disposition regarding defendants' motion for summary disposition. Again, plaintiff cannot show that the officers' engaged in an affirmative act that increased the danger to plaintiff. While the report may show that the officers failed to act

appropriately, it would not change the fact that plaintiff cannot establish an affirmative act by the officers. See *Jones*, 438 F3d at 691. Accordingly, we reject plaintiff's claims.

### III. MOTION TO AMEND COMPLAINT

Plaintiff next argues that the trial court erred when it refused to consider his motion to amend his complaint. We disagree.

This Court reviews a trial court's decision to deny a motion to amend the complaint for an abuse of discretion. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215-216; 859 NW2d 238 (2014). In general, a trial court should grant a motion to amend the complaint. *Id*. MCR 2.118(A)(2) provides, "Except as provided in [MCR 2.118(A)(1)], a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." MCR 2.116(I)(5) provides that when a party brings a motion for summary disposition under MCR 2.116(C)(8), (9), or (10), the trial court must allow the parties to amend a pleading unless the amendment would not be justified. A trial court may deny a motion to amend for the following reasons:

> (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. Absent bad faith or actual prejudice to the opposing party, delay, alone, does not warrant denial of a motion to amend. [*Diem*, 307 Mich App at 216 (citation and quotation marks omitted).]

The trial court denied plaintiff's motion because amendment would be futile. Plaintiff first asserts that he should have been permitted to amend his complaint because, in granting the motion for summary disposition, the court noted that plaintiff had only pleaded conclusory statements with regard to the alleged constitutional violation. We conclude that amendment would be futile because, as discussed above, plaintiff failed to allege a constitutional violation in his complaint sufficient to survive a motion for summary disposition pursuant to MCR 2.116(C)(10). Further, plaintiff failed to explain in the trial court or on appeal how he would have amended the complaint to include addition factual support for his claims. In addition, plaintiff attached an amended complaint to his motion for reconsideration, which included citations to Highland Park ordinances and regulations, but did not allege any additional factual support that was not considered by the trial court. Therefore, we agree with the trial court that amendment of the complaint would have been futile. See *Diem*, 307 Mich App at 216.

Second, plaintiff argues that he would have alleged a claim of gross negligence had he been given the opportunity to amend his complaint. MCL 691.1407(2) provides:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment . . . while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "Therefore, for a plaintiff to be successful in a tort action against a governmental employee, the plaintiff must prove both that (1) the governmental employee's conduct demonstrated a substantial lack of concern for whether his conduct would cause injury to the plaintiff, and (2) the alleged misconduct was *the* proximate cause of the plaintiff's injury." *Tarlea v Crabtree*, 263 Mich App 80, 83; 687 NW2d 333 (2004).

In *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000), the Michigan Supreme Court held that the phrase "the proximate cause" means "the one most immediate, efficient, and direct cause preceding an injury." Plaintiff fails to argue in his brief on appeal that the police officers acted with a substantial lack of concern for whether an injury would result from their actions. As discussed above, there was no indication from the record that the officers were aware of the danger to plaintiff. Even assuming that the officers exhibited a substantial lack of concern for whether an injury would result from their actions, the police officers' conduct was not the proximate cause of plaintiff's injury. See *Tarlea*, 263 Mich App at 83. Instead, the robbers who shot plaintiff were the most immediate, efficient, and direct cause preceding plaintiff's injury. See *Robinson*, 462 Mich at 459. Therefore, the trial court did not err because an amendment of plaintiff's complaint to add a gross negligence claim would have been futile. See *Diem*, 307 Mich App at 216.

## IV. QUALIFIED IMMUNITY

Plaintiff next argues that the trial court erred when it ruled that Officer White's conduct was protected by qualified immunity. We disagree.

This Court reviews de novo the issue whether a defendant is entitled to qualified immunity. *Morden v Grand Traverse Co*, 275 Mich App 325, 340; 738 NW2d 278 (2007). This Court also reviews de novo a motion for summary disposition. *Pew*, 307 Mich App at 331. "A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law." *Id.* at 332-333. This Court considers plaintiff's complaint to be true, unless the documentary evidence contradicts it. *Id*. at 332. The movant may support the motion with documents in the record if the documentation would be admissible at trial. *Id.* "If reasonable minds could not differ on the legal effects of the facts, whether governmental immunity bars a plaintiff's claim is a question of law." *Id*.

The issue of whether a police officer's actions are protected by qualified immunity is distinct from the merits of the underlying claim. See *Morden*, 275 Mich App at 342. "Qualified immunity shields an officer from suit when [he] makes a decision that, *even if constitutionally deficient*, reasonably misapprehends the law governing the circumstances [he] confronted." *Id*.

(citation omitted). "A police officer may invoke the defense of qualified immunity to avoid the burden of standing trial when faced with a claim that the officer violated a person's constitutional rights." *Lavigne*, 307 Mich App at 542. The plaintiff has the burden to show that a police officer is not protected by qualified immunity before trial. *Id*. Thus, if there was no violation of a plaintiff's constitutional rights, then the court does not need to make a further inquiry into the issue of qualified immunity. *Morden*, 275 Mich App at 341.

The trial court did not err when it ruled that plaintiff's claim against Officer White was barred by qualified immunity. As discussed above, there was no constitutional injury in this case. Therefore, there is no need to conduct a further inquiry into whether Officer White was entitled to qualified immunity. See *id.*

## V. MOTION FOR RECONSIDERATION

Plaintiff also argues that the trial court abused its discretion when it denied his motion for reconsideration. We disagree. "This Court reviews a trial court's decision on a motion for reconsideration for an abuse of discretion." *Huntington Nat'l Bank*, 305 Mich App at 515. Plaintiff's primary argument is that the trial court judge who decided the motion for reconsideration erroneously determined that she was not in a position to reconsider the ruling of a predecessor trial judge on the motion for summary disposition. Based on our disposition regarding the merits of plaintiff's claim, it is unnecessary for us to address plaintiff's argument, and we conclude that the trial court properly denied plaintiff's motion for reconsideration because there was no palpable error necessitating correction. MCR 2.119(F)(3).

Affirmed. Defendants, the prevailing parties, may tax costs. MCR 7.219.

/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan