*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAIED BARKHO and LUMA BARKHO,

Plaintiffs-Appellants,

v

JP MORGAN CHASE BANK, NA,

Defendant-Appellee.

UNPUBLISHED
February 17, 2022

No. 354887
Oakland Circuit Court
LC No. 2019-177064-CH

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting defendant's motion for summary disposition under MCR 2116(C)(8) and denying plaintiffs' request to amend their complaint. We affirm in part, reverse in part, and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In deciding a motion under MCR 2116(C)(8), a trial court is required to accept as true the factual allegations set forth in the plaintiff's complaint. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2018). Plaintiffs in this case alleged in their complaint the following relevant facts. Plaintiffs owned a home in West Bloomfield (the property). In 2006, plaintiffs obtained a home equity line of credit (HELOC) from defendant with the "maximum principal amount . . . excluding protective advances" of $300,000, secured by a mortgage on the property. In 2017, plaintiffs fell behind in their HELOC payments. In January 2018, plaintiff Kaied Barkho (Barkho) filed for Chapter 13 bankruptcy protection in federal court. Defendant filed a bankruptcy proof of claim form indicating a secured claim of $311,319.94, with a $52,093.77 arrearage. In January 2019, Kaied's bankruptcy case was dismissed. Plaintiffs subsequently attempted to contact defendant to "work out the outstanding indebtedness" but defendant did not respond. Unbeknownst to plaintiffs, defendant foreclosed on the property by advertisement and, on May 7, 2019, it purchased the property by a credit bid in the amount of $690,664.28.

On October 2, 2019, plaintiffs filed this action to set aside the foreclosure sale and for a declaratory judgment regarding the amount owing or needed to redeem the property. Plaintiffs

-1-

alleged that defendant had failed to notify them of the foreclosure sale and had failed to properly advertise the sale. Plaintiffs also alleged that the property was purchased for more than double the amount that defendant, during the bankruptcy proceedings, had claimed that it was owed on the HELOC, and that plaintiffs were entitled to any surplus funds remaining after satisfying the HELOC. Plaintiffs requested in their complaint that the trial court stay the expiration of the redemption period while their case was pending.

During the foreclosure proceedings, defendant obtained a sheriff's deed that included a redemption date of November 7, 2019. The parties agree that they negotiated two extensions of the redemption period, as reflected in stipulated orders, first extending the redemption period until December 9, 2019, and then until January 15, 2020. Plaintiffs failed to redeem the property by either of those dates.

In June 2020, defendant moved for summary disposition under MCR 2.116(C)(8), arguing that plaintiffs had lost standing to set aside the foreclosure sale because they had failed to redeem the property before the extended redemption period expired on January 15, 2020. Defendant also argued that plaintiffs' complaint had failed to adequately allege any fraud or irregularity that prejudiced their ability to protect their interest in the property. Defendant contended that plaintiffs had obtained a mortgage for the property in 2003 from Washington Mutual in the amount of $571,000 (the first mortgage), and that the first mortgage had been assigned to defendant in 2016. Further, defendant explained, plaintiffs had defaulted on the first mortgage in 2016, defendant had initiated foreclosure by advertisement proceedings, and defendant had ultimately redeemed the property for $399,845.62, resulting in the satisfaction of the first mortgage and title to the property remaining with plaintiffs. Defendant stated that plaintiffs' HELOC debt included the amount that defendant had paid to redeem the property in 2016 as a "protective advance" to prevent loss of defendant's security interest in the property. In support, defendant attached documents detailing the first mortgage, the 2016 foreclosure, and its redemption of the property at that time.

Plaintiffs argued in response that Kaied had relied to his detriment on defendant's bankruptcy proof of claim form (which identified a debt in the amount of $311,319.94). According to plaintiffs, Kaied had allowed the bankruptcy petition to be dismissed because he believed he could pay the amount necessary to cure the default on the HELOC, based on the $52,093.77 arrearage amount stated in defendant's bankruptcy proof of claim form. Plaintiffs also asserted that defendant's in-house counsel had agreed to further extend the redemption period while the parties negotiated a resolution of the lawsuit. Plaintiffs argued that defendant was therefore estopped from arguing that plaintiffs did not have standing to maintain their action because the redemption period had expired.

Defendant filed a reply brief denying any agreement to extend the redemption period beyond the dates specified in the stipulated orders. Defendant attached to its reply brief a copy of an e-mail exchange between plaintiffs' counsel and defendant's in-house counsel regarding the second stipulated order, which did not include any discussion of further extensions. The trial court agreed that plaintiffs had lost standing when the redemption period expired. Therefore, it granted defendant's motion for summary disposition. It also denied plaintiffs' request to amend their complaint. This appeal followed.

## II. STANDING

Plaintiffs argue that the trial court erred by holding that they lacked standing to maintain their action after the redemption period expired. This Court reviews de novo the legal question of whether a party has standing. *Olsen v Chikaming Twp*, 325 Mich App 170, 180; 924 NW2d 889 (2018). We also review de novo a trial court's decision on a motion for summary disposition. *Eplee v City of Lansing*, 327 Mich App 635, 644; 935 NW2d 104 (2019). Defendant moved for summary disposition under MCR 2.116(C)(8). "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159. "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id.* at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery."

As a threshold matter, the trial court was correct in stating that, generally, a borrower loses standing to challenge a foreclosure after the redemption period has expired. See *Bryan v JPMorgan Chase Bank*, 304 Mich App 708; 848 NW2d 482 (2014). In *Bryan*, the plaintiff sought to set aside a judgment of possession entered after the defendant lender foreclosed on property by advertisement. The plaintiff filed suit after the redemption period expired and after the plaintiff's bankruptcy petition was discharged. *Id*. at 710-711. This Court affirmed the trial court's order granting summary disposition in favor of the defendant on the ground that the plaintiff no longer had standing to assert any interest in the foreclosed property. *Id*. at 712. This Court stated that under MCL 600.3240, "after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months." *Bryan*, 304 Mich App at 713. The Court further stated:

> "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." MCL 600.3236. If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942). [*Bryan*, 304 Mich App at 713.]

The Court concluded "that by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim." *Id*. at 715; see also *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656; 939 NW2d 454 (2019) (holding that the plaintiff borrower's appeal challenging a judicial foreclosure became moot when the redemption period expired while the appeal was pending).

An exception to this general rule exists, however, if a borrower can demonstrate a defect or irregularity in the challenged foreclosure that caused prejudice. See *Bryan*, 304 Mich App at 714; see also *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98; 825 NW2d 329 (2012). "[A] mortgagor seeking to set aside a foreclosure by advertisement must allege facts to support three essential aspects of a claim: (1) fraud or irregularity in the foreclosure procedure; (2) prejudice to the mortgagor; and (3) a causal relationship between the alleged fraud and the alleged prejudice."

*Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211, 207; 859 NW2d 238 (2014). Therefore, plaintiffs have standing to challenge the foreclosure if they allege fraud or irregularity in the foreclosure proceedings that caused prejudice to them, i.e., that they "would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 493 Mich at 115-116.

> Factors relevant to demonstrating prejudice include
>
> whether plaintiffs were misled into believing that no sale had been had . . . ; whether plaintiffs act[ed] promptly after [they became] aware of the facts on which they based their complaint . . . ; whether plaintiffs made an effort to redeem the property during the redemption period . . .; whether plaintiffs made an effort to redeem the property during the redemption period . . . ; [and] whether plaintiffs were represented by counsel throughout the foreclosure process. [*Diem*, 307 Mich App at 211-212, quoting *Kim*, 493 Mich at 121 (MARKMAN, J, concurring) (quotation marks and citations omitted.]

In this case, viewed in the light most favorable to plaintiffs, plaintiffs' complaint alleged fraud or irregularity in the foreclosure process. First, plaintiffs alleged that they were not given notice of the foreclosure and that it was not advertised in compliance with Michigan's foreclosure by advertisement statute, MCL 600.3201 et seq. However, and despite having subsequently learned of the sale, plaintiffs failed to allege any facts that would support a claim of prejudice or of a causal relationship between the allegedly improper notice or advertisement and any alleged prejudice. For example, plaintiffs failed to allege any facts evidencing any effort to redeem the property during the redemption period. Moreover, while plaintiffs generally alleged that defendant's failure to comply with the requirements of the foreclosure by advertisement statute had "caused actual prejudice to Plaintiffs," the allegation was devoid of any factual support and was wholly conclusory in nature. Such conclusory allegations of prejudice and causal connection are insufficient as a matter of law. *Diem*, 307 Mich App at 212-213.

In addition, plaintiffs alleged that the property was sold via credit bid to defendant for an amount nearly double what defendant had recently claimed was owed on the HELOC. But plaintiffs, in their complaint, again failed to adequately describe the prejudice that allegedly resulted, or to draw a causal connection between this alleged fraud and irregularity and any alleged prejudice. Rather, plaintiffs' complaint simply notes a dispute regarding the amount owed under the HELOC and asks the trial court to declare the correct amount and to set aside the foreclosure sale.

Plaintiffs argued before the trial court, and argue on appeal, that if they had known that defendant was claiming they owed nearly $700,000, they would have maintained Kaied's bankruptcy action. They state that they abandoned the bankruptcy action because they were able to pay the $52,093.77 arrearage. Such factual assertions might arguably support allegations of prejudice and causation. But these factual assertions appear nowhere in plaintiffs' complaint. A motion under MCR 2.116(C)(8) tests the legal sufficiency of a plaintiff's claims, based on the pleadings alone. *El-Khalil*, 504 Mich at 159-160. Plaintiffs' complaint merely alleged the amount of the indebtedness and arrearage as set forth in defendant's bankruptcy proof of claim form, and it additionally alleged the different amount of the foreclosure sale; but plaintiffs did not plead facts

addressing any resulting prejudice (e.g., abandoning the bankruptcy proceeding and any ramifications of doing so) or a causal connection between defendant's bankruptcy proof of claim and the resulting prejudice. See *Diem*, 307 Mich App at 210-211. Our review of plaintiffs' complaint consequently leads us to conclude that the trial court did not err by holding that plaintiffs had failed to allege facts that would enable them to pursue their claim after the redemption period expired. However, we conclude that the trial erred by denying plaintiffs leave to amend their complaint, as discussed below.

## III. EQUITABLE ESTOPPEL

Plaintiffs also argue that the trial court should have applied the doctrine of equitable estoppel to preclude defendant from arguing that the redemption period had expired and that the HELOC foreclosure amount included the prior redemption cost. We disagree. We review de novo a trial court's application of equitable doctrines. *Sylvan Twp v City of Chelsea*, 313 Mich App 305, 315-316; 882 NW2d 545 (2015).

> Equitable estoppel occurs when "(1) a party by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts." *Williamstown Twp v Sandalwood Ranch, LLC*, 325 Mich App 541, 553; 927 NW2d 262 (2018) (citations and quotation marks omitted). "Equitable estoppel is not an independent cause of action, but instead a doctrine that may assist a party by precluding the opposing party from asserting or denying the existence of a particular fact." *Conagra, Inc v Farmers State Bank*, 237 Mich App 109, 140-141; 602 NW2d 390 (1999). [*New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App 614, 627-628; 953 NW2d 476 (2019).]

"Where a fact has been asserted, or an admission made, through which an advantage has been derived from another, or upon the faith of which another has been induced to act to his prejudice, so that a denial of such assertion or admission would be a breach of good faith, the law precludes the party from repudiating such representation, or afterwards denying the truth of such admission." *Sylvan Twp*, 313 Mich App at 319 (quotation marks and citation omitted). "The party seeking equitable estoppel bears a heavy burden of proving its applicability." *Southeast Mich Surg Hosp, LLC v Allstate Ins Co*, 316 Mich App 657, 666; 892 NW2d 434 (2016).

Plaintiffs first argue that, as a result of its representation in the bankruptcy proof of claim form that the amount owing on the HELOC was $311,319.94 (with a $52,093.77 arrearage), defendant should be estopped from claiming the larger foreclosure amount. The trial court did not reach this issue or determine whether the HELOC amount included the redemption payment defendant claims to have made in 2016. It merely concluded that plaintiffs lacked standing to pursue their claim after the redemption period had expired. At this stage of the proceedings, the trial court was not tasked with deciding disputed factual issues, and we decline to address this issue that was not decided by the trial court. See *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004) (noting that this Court generally does not address issues not decided by the trial court).

The trial court did address plaintiffs' argument that defendant should be estopped from asserting that the redemption period had expired, because it had fraudulently induced plaintiffs to believe they had agreed to further extend the redemption period. Plaintiffs argue that the trial court, in rejecting this argument, erred by referring to documents outside the pleadings, i.e., the emails between plaintiffs' counsel and defendant's counsel. We disagree. The trial court held:

> [T]he Court finds that plaintiffs' equitable estoppel argument has no merit. Plaintiffs' reliance on an e-mail chain to support the argument claiming that defendant's counsel made fraudulent statements which reduced [sic] them into failing to seek an extension of the redemption period was not [sic] included with plaintiffs' briefing. Instead, defendant—it was defense that provided the Court with the e-mail chain. And the Court finds the e-mail chain does not contain any fraudulent or misleading statements by defense counsel. In fact, the e-mail chain does not support plaintiffs' argument.

We note first that it was *plaintiffs* who relied in the trial court upon the emails (albeit without providing them to the trial court) as support for their equitable estoppel argument. Plaintiffs cannot use any resulting error (to which they contributed) as an appellate parachute. See *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 96; 693 NW2d 170 (2005). Further, although the trial court referred to the e-mails' contents as being contrary to plaintiffs' allegations, we do not read the court's decision as being based on the content of the e-mails; rather, the trial court simply noted that the emails did not support plaintiffs' claim. The trial court specifically noted at the motion hearing that two stipulated orders were entered to protect plaintiffs' redemption rights, and determined that plaintiffs had not carried their burden of establishing a misrepresentation by defendant that they had relied upon to their detriment. *Southeast Mich Surg Hosp, LLC*, 316 Mich at 666. We find no error in the trial court's refusal to apply the doctrine of equitable estoppel.

## IV. DENIAL OF AMENDMENT

Plaintiffs also argue that the trial court erred by denying their request to amend their complaint. We agree. This Court reviews for an abuse of discretion a trial court's decision whether to allow a party to amend a complaint. *Kostadinovski v Harrington*, 321 Mich App 736, 742-743; 909 NW2d 907 (2017). A trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *Id*.

"A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading." MCR 2.118(A)(1). Otherwise, "a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." MCR 2.118(A)(2). When a party moves for summary disposition under MCR 2.116, "[i]f the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings by provided by MCR 2.118, unless the evidence then before the court shows that an amendment would not be justified." MCR 2.116(I)(5). The trial court is not required to give the parties an opportunity to amend pleadings if amendment would be futile. *Mich Head & Spine Institute, PC v Mich Assigned Claims Plan*, 331 Mich App 262, 277; 951 NW2d 731 (2019). "An amendment is futile if it merely

restates the allegations already made or adds allegations that still fail to state a claim." *Id*. (quotation marks and citation omitted).

Although plaintiffs did not adequately plead prejudice or a causal connection between the alleged fraud or irregularity in the foreclosure process and the prejudice they allegedly suffered, we cannot conclude on this record that permitting them to amend their complaint to include such allegations would be futile. Plaintiffs could, for example, potentially plead a valid claim of a prejudicial foreclosure irregularity arising from defendant's inclusion of a redemption amount that was inconsistent with its bankruptcy proof of claim in Kaied's bankruptcy case. If plaintiffs were able to successfully state such a claim, that would also remedy the defect in standing. Accordingly, we remand this case to the trial court to permit plaintiffs to amend their complaint.[1]

We affirm the trial court's order granting summary disposition under MCR 2.116(C)(8) with respect to plaintiffs' complaint as filed, but reverse the trial court's denial of plaintiffs' request to amend their complaint and remand for further proceedings consistent with this opinion.[2] We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ /Thomas C. Cameron

---

[1] We express no opinion on the merits of such a claim, and hold only that it would not be impossible as a matter of law to adequately *plead* it.

[2] We find it unnecessary to address plaintiffs' remaining arguments, in light of resolution of this case.